UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

THOMAS CARL BRUNI

                Petitioner,

-against-                                        9:21-CV-0203 (LEK)

SHERIFF CRAIG APPLE,

                Respondent.

**DECISION AND ORDER**

**I.    INTRODUCTION**

Petitioner Thomas Bruni seeks federal habeas relief pursuant to 28 U.S.C. § 2254. See Dkt. No. 1 ("Petition"). Petitioner also filed additional submissions and exhibits in support of his Petition, as well as a motion for appointment of counsel and a properly certified application to proceed in forma pauperis ("IFP"). See Dkt. Nos. 1-1–1-4; 2; 4; 6–7; 9.

**II.    BACKGROUND**

On April 23, 2021, the Court issued an order granting Petitioner's IFP application, directing him to submit an amended petition, and denying all other requested relief. See Dkt. No. 10 ("April Order"). The April Order identified and discussed the deficiencies which any amended petition needed to cure. Id. at 3–5. Specifically, Petitioner was required to (1) specify "each ground [he] wishes to raise in his habeas petition, and the facts supporting each ground; (2) [identify] whether any state criminal proceedings are pending and, if so, the procedural posture of such proceedings; and (3) [detail] if and how [he] has exhausted his state court remedies." Id. at 5.

**III.    DISCUSSION**

In compliance with the April Order, Petitioner timely submitted an amended petition. See Dkt. No. 11 ("Amended Petition"). However, the Amended Petition failed to cure any of the deficiencies identified by the April Order, and the Court therefore dismisses it pursuant to Rule 4 of the Rules Governing Section 2254 Cases. First, Petitioner was asked to specify each ground he wished to raise and the facts supporting them. Much like the Petition, the content of the Amended Petition is difficult to decipher. As previously stated by the Court in the April Order, "[t]he Court will not speculate on the grounds being advanced by Petitioner." April Order at 3. Second, Petitioner did not clarify the procedural posture of his state criminal proceedings. However, Petitioner did state that he is "charged with [four counts of third-degree] burglary and one [count of] felony criminal mischief" and has "not [been] convicted of any pending charge[s]." Am. Pet. at 3.

Petitioner cited to a state court case, People v. Bruni, 67 Misc. 3d 254 (Albany Co. Ct. 2020). This decision regarded a counseled state habeas petition seeking Petitioner's release or, in the alternative, confining him to a hospital for purposes of conducting Petitioner's competency examination pursuant to Criminal Procedure Law § 730. Id. at 255. The County Court denied the petition, holding that despite recent bail reform, Petitioner's continued remand for purposes of conducting a competency exam was permitted. Id. at 256–57.

Petitioner references § 730 competency hearings throughout the Amended Petition, see Am. Pet. at 3, 8, and claims he is not incapacitated, id. at 13. Petitioner also indicates that the April Order "greatly strengthens [his] Court of Appeals submission." Am. Pet. at 4. Further, Petitioner discusses his briefing schedule for his speedy trial motion, and it appears that a decision on this issue has not been issued. Id. at 6. This, in conjunction with Petitioner's prior

statements, suggest that Petitioner's criminal proceedings are still pending; therefore, this Court is barred from considering the Amended Petition. See April Order at 3–4. Petitioner also indicates that this action is "unconventionally pre-mature," stating that his "intentions were more to put the federal courts on alert[.]" Am. Pet. at 3–4.

Finally, Petitioner failed to outline how he has exhausted his state court remedies, likely because those proceedings are ongoing.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED,** that the Amended Petition (Dkt. No. 11) is **DISMISSED without prejudice** pursuant to Habeas Rule 4; and it is further

**ORDERED,** that the Clerk shall serve a copy of this Decision and Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    May 13, 2021
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge